IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE FRANKENFIELD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MEDIA PIZZA, INC. | : | NO. 03-2822 |

| | | |
|---|---|---|
| LINDA BUCKLEY | : | CIVIL ACTON |
| | : | |
| v. | : | |
| | : | |
| MEDIA PIZZA, INC. | : | NO.  03-2824 |

## MEMORANDUM AND ORDER

M. FAITH ANGELL                                                    August 17, 2011
UNITED STATES MAGISTRATE JUDGE

On May 15, 2007, the parties in the above-captioned actions filed a notice of consent to have

me conduct all further proceedings in this action.  *See* CA No. 03-2822, Docket Entry Nos. 11, 36

and 03-2824, Docket Entry No. 29.  Presently before me are Plaintiffs' motions to add a Successor

Defendant and Defendant's motions to dismiss Plaintiffs' Third Amended Complaints.  For the

reasons stated below, Plaintiffs' motions are denied, and Defendant's motions are granted.

### BACKGROUND AND PROCEDURAL HISTORY[1]

On May 1, 2003, Plaintiff George Frankenfield filed a Civil Action Complaint against

Defendants Pizza Fresh and Pizza Fresh Express, Inc. ("Pizza Fresh").  He alleges in that Complaint

that he was employed by Defendants as a delivery driver on or about February 21, 1999.  From May,

1999, continuing until November 14, 2000, Frankenfield witnessed the sexual harassment of another

---

[1]The background and procedural history is compiled from a review of the complaints and answers; the first, second and third amended complaints; Plaintiffs' motions to add a successor defendant and Defendant's responses; Defendant's motions to dismiss the third amended complaints and Plaintiffs' letter responses.

employee, Linda Buckley, by two male employees of Pizza Fresh.  On four separate occasions, March 17, March 19, September 19, and November 14, 2000, Frankenfield asked the man who hired him, Minor Garro, to do something about the sexual harassment of Buckley.  Buckley was fired on November 14, 2000, and Frankenfield was fired on November 17, 2000.

Also on May 1, 2003, Plaintiff Linda Buckley filed a Civil Action Complaint against Defendants Pizza Fresh and Pizza Fresh Express, Inc. ("Pizza Fresh").  She alleged that she had been hired as a counter clerk by Pizza Fresh on or about March 16, 1999.  Beginning in May, 1999, she began to be sexually harassed by two male co-workers.  In or around October, 1999, Buckley complained to Pizza Fresh about the harassment, both in writing and verbally, but the harassment did not end.  In or around March, 2000, and September, 2000, Buckley filed police reports about the situation.  On November 14, 2000, she again complained and asked for Minor Garro's help in stopping the harassment.  He replied that there was nothing he could do, and he fired Buckley.

Pizza Fresh answered both complaints, and discovery began.  However, on February 25, 2004, the matter was placed in civil suspense pending the resolution of a Chapter 13 bankruptcy petition filed by Minor Garro.  He received a discharge, and, on July 18, 2007, the actions were removed from suspense and returned to the  active docket.  Discovery proceeded.

Plaintiffs assert that they subsequently learned that a viable successor defendant, Fotios Malitas, existed as a result of his purchase of the Pizza Fresh business.  The Court granted Plaintiffs' motion to file amended complaints, and, on February 21, 2008, an amended complaint was filed against Pizza Fresh; Pizza Fresh Express, Inc.; and Fotios Malitas.  Approximately two months later, Plaintiffs withdrew the complaint as to Malitas only.

Discovery continued, and, over a year later, Plaintiffs once again moved to add successor

2

defendants.  Plaintiffs' counsel had learned that the new owner of Pizza Fresh was an entity called "Apollo Pizza".  Plaintiffs believed the correct successor defendant to be "Apollo Pizza and Hoagies, Inc." ("Apollo Pizza and Hoagies"), 40 East State Street, Media, PA 19063 t/d/b/a "Apollo Pizza".  There was no response to Plaintiffs' motions to add Apollo Pizza and Hoagies as a successor defendant in these matters.  The motion was granted, and a second amended complaint was filed on June 23, 2009.  Upon receiving no response from Apollo Pizza and Hoagies, Plaintiffs requested, and received, default.  Subsequently, default judgment was entered in favor of Plaintiffs, and a hearing to determine damages was scheduled.  Before the hearing took place, Apollo Pizza and Hoagies filed a motion to strike or open the default judgment.  The motion was granted, and the default judgment against Apollo Pizza and Hoagies was stricken on September 10, 2010.

Also in September, 2010, Plaintiffs filed a motion to file a third amended complaint.  They asserted that they had learned that the owner of the restaurant where the sexual harassment of Buckley took place was not Apollo Pizza and Hoagies but was an entity known as "Media Pizza, Inc." ("Media Pizza"), located at 40 East State Street, Media, PA 19063.  They believed that Media Pizza had taken over operations of the former Pizza Fresh location in Glenside, PA.  This motion was granted, and third amended complaints was filed against Media Pizza.  Media Pizza has moved to dismiss these complaints to which Plaintiffs have not responded because, once again, they have filed a motion to add a successor defendant.

Plaintiffs state that they learned from the owner of Media Pizza that the entity operating the pizzeria where the harassment and discrimination at issue occurred is actually "Pizzeria of Glenside, LLC ("Pizzeria of Glenside"), a corporation doing business as "Apollo Pizza", and they wish to add Pizzeria of Glenside as yet another successor defendant in these matters.  Media Pizza has filed an

3

answer in opposition to the motions.

## II.  DISCUSSION

### A.  Legal Standard

"In general, in the context of employment discrimination, the doctrine of successor liability applies where the assets of the defendant employer are transferred to another entity.  *Rego v. ARC Water Treatment Company of PA*, 181F.3d 396, 401 (3d Cir. 1999).  "Ordinarily, however, absent a contractual obligation to do so, a successor corporation does not assume the liabilities of its predecessor."  *Id.*  When that is the case, "[the Court looks] to less specific controlling legal principles which recognize that the successor will be liable if it is a 'mere continuation' of its predecessor."  *Id.* at 402.  In an employment discrimination case, it has been said that a court ought to consider three principal factors before it makes a successor liability determination.  They are: "(1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly".  *Id.*

### B.  Analysis

On April 23, 2003, Pizzeria of Glenside, a Pennsylvania limited liability company, with an address of 99 Versailles Boulevard, Cherry Hill, New Jersey 08003, purchased certain assets of Pizza Fresh, a Pennsylvania corporation with an address of 112 S. Easton Road, Glenside, Pennsylvania 19038, by way of an Asset Purchase Agreement ("Agreement").  *See* Defendant's Answers in Opposition to Plaintiffs' Motion to Add Successor Defendant ("Defendant's Opposition"), Exhibit A.  The Agreement provided that Pizzeria of Glenside was purchasing certain assets of Pizza Fresh,

4

but it assumed none of its liabilities.[2]

Looking next at the continuity in operations and work force of the successor and predecessor employers, the Court turns to the testimony of Robert LaScala.  He is the owner and president of Media Pizza, Inc., and he also has an interest in the entity that owns Pizzeria of Glenside.  *See* CA No. 03-2822. Defendant's Opposition, Exhibit B, N.T. 6/10/11 at 22-23, Document 118-3 at 8.

Mr. LaScala testified that though Pizzeria of Glenside purchased all of the equipment at the Pizza Fresh location, it did not continue to employ any of the employees.  It also closed the store for a number of months in order to remodel the facility.  He further stated that most of the equipment that was purchased was changed, and, when the restaurant opened again, it was "a different type of pizza restaurant".  *Id.,* N.T. 6/10/11 at 25-26, 30-31; Document 118-3 at 9-10.

In addition, the Agreement between Pizza Fresh and Pizzeria of Glenside contains a number of representations and warranties by the seller.  Included is the following:

> 13(h) That there are no proceedings before any commission, agency or other administrative authority pending or, to the knowledge of Seller, threatened against or affecting Seller; and there are no

---

[2]The Agreement reads in pertinent part:

> 20.  No Assumption of Liabilities.  Anything to the contrary notwithstanding, Buyer does not assume, and shall in no event be liable for, any liabilities, debts or obligations of the Seller which arose or accrued prior to the date of Settlement, whether in respect to the Assets or otherwise, including, without limitations, any liability with respect to or responsibility for (I) any product manufactured or sold by Seller prior to the date of Settlement; (ii) any claims for injuries to third parties occurring on or off the Premises prior to the date of Settlement (iv) liabilities incurred by Seller in connection with or pursuant to this Agreement or the transactions contemplated hereby or in connection with the Business or the Premises; (v) obligations which may arise by reason or with respect to the dissolution or liquidation of the Seller; (vi) debts, liabilities or obligations in respect of which the Seller has indemnified the Buyer; (vii) obligations for any federal, state or local taxes of the Seller which arose or accrued prior to the date of this Agreement; and (viii) any liabilities or obligations of the Seller to its shareholders.

CA No. 03-2822, Defendant's Opposition, Exhibit A ¶20; Document 118-2 at 11.

> outstanding awards, judgments, orders, decrees or stipulations granted
> or issued by any commission, agency, or other administrative
> authority which adversely affects the Business or the Assets.

CA No. 03-2822, Defendant's Opposition, Exhibit A, ¶13(h), Document 118-2 at 6.  Mr. LaScala

also testified that at the time Pizzeria of Glenside took over the Pizza Fresh location in Glenside, he

was unaware of any claims pending against the establishment by Ms. Buckley or Mr. Frankenfield.

*Id*., Exhibit B, N.T. 6/10/11 at 30-31, Document 118-3 at 10.  In fact, there were no claims against

Pizza Fresh by these individuals at that time.  The record reveals that the civil actions begun by

Plaintiffs against Pizza Fresh were not filed until May 1, 2003, eight days after the signing of the

Agreement between Pizza Fresh and Pizzeria of Glenside and almost three years after Ms. Buckley

and Mr. Frankenfield were terminated from their employment by Pizza Fresh.  *See* CA No. 03-2822,

Defendant's Opposition, Exhibits C and D, Documents 118-4 and 118-5.  Mr. LaScala reported that

he ultimately became aware of these pending lawsuits this year, when Media Pizza was served with

a complaint.  *See* CA No. 03-2822, Defendants Opposition, Exhibit B, N.T. 6/10/11 at 33, Document

118-3 at 11.

    After its return to the active docket, discovery continued between Plaintiffs and Pizza Fresh

for almost two years before Plaintiffs moved to add Apollo Pizza and Hoagies as the defendant in

these actions.  Apparently all that is known about Pizza Fresh is that it is "operated by individuals

unknown to [counsel who answered the original complaints in these matters on Pizza Fresh's

behalf]".  Ca No. 03/2822, Motion to Withdraw as Counsel for Defendant Pizza Fresh Express.

    These cases at issue were filed in this Court on May 1, 2003, and they were served upon

Pizza Fresh on June 18, 2003.  Answers were filed on July 14, 2003, and the matters proceeded

towards trial until February 25, 2004, when they were placed in civil suspense due to the filing of

a Bankruptcy petition by Defendant.  They were removed from suspense on July 18, 2007, and returned to the active docket.  Discovery proceeded for approximately seven more months before the first amended complaint was filed.  *See* CA No. 03-2822, Defendants Opposition, Exhibits C and D.  Since that time there has been a seemingly neverending quest for a successor defendant.

Though the present establishment located at the site of the original Defendants is a pizza restaurant, Pizzeria of Glenside did not continue the business of Pizza Fresh.  It closed the restaurant, remodeled it and purchased new equipment or made changes to the equipment that remained.  It then opened up shop under a new name, "Apollo Pizza".  *See* CA No. 03-2822, Defendants Opposition, Exhibit B, N.T. 6/10/11 at 32, Document 118-3 at 10.  All new employees were hired.

Furthermore, Pizzeria of Glenside had no knowledge of Plaintiffs' claims against Pizza Fresh prior to the purchase of its assets.  Indeed, the actions were not filed until after the sale to Pizzeria of Glenside.  Moreover, the Agreement specifically provided that Pizzeria of Glenside was purchasing certain assets of Pizza Fresh but not its liabilities, had there been any at that time.  It had no way of knowing that Plaintiffs in these matters would file suit against Pizza Fresh days after the execution of the Agreement between Pizzeria of Glenside and Pizza Fresh.  It purchased a liability-free facility, and opened a new business several months later.  It would be unfair to impose successor liability upon this proposed defendant.

### III.  CONCLUSION

For the reasons stated above, I find that Plaintiffs have not demonstrated that Pizzeria of Glenside is a successor defendant to Pizza Fresh.  Plaintiffs motions to add Pizzeria of Glenside as successor defendant in these actions will be denied.

Defendant Media Pizza's motions to dismiss these matters will be granted.

BY THE COURT:


 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATS MAGISTRATE JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GEORGE FRANKENFIELD | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEDIA PIZZA, INC. | : | NO.  03-2822 |

| LINDA BUCKLEY | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEDIA PIZZA, INC. | : | NO.  03-2824 |

**<u>ORDER</u>**

AND NOW, this 17th day of August, 2011, upon consideration of Plaintiffs' motions to add a successor defendant, and Defendant's responses, and of Defendant's motions to dismiss and Plaintiffs' letters in response, it is hereby **ORDERED** that:

1.  In *Frankenfield v. Media Pizza, Inc.,* CA No. 03-2822, Plaintiffs' Motion to Add Successor Defendant (Docket Entry No. 116) is DENIED.

2.  In *Buckley v. Media Pizza, Inc.*, CA No. 03-2824, Plaintiffs Motion to Add Successor Defendant (Docket Entry No. 108) is DENIED.

3.  In *Frankenfield v. Media Pizza, Inc.*, CA No. 03-2822, the Motion of Defendant Media Pizza, Inc., Pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Third Amended Complaint (Docket Entry No. 111) is GRANTED.

4.  In *Buckley v. Media Pizza, Inc.*, CA No. 03-2824, the Motion of Defendant Media Pizza,

Inc., Pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Third Amended

Complaint (Docket Entry No. 103) is GRANTED.

    5.  These cases are CLOSED.

BY THE COURT:


 S/M. FAITH ANGELL

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**211 Robert N. C. Nix, Sr. Federal Building**
**900 Market Street**
**PHILADELPHIA, PENNSYLVANIA  19107**

**Chambers of**
**M. FAITH ANGELL**                                     **P:   (215) 597-6079**
**United States Magistrate Judge**                       **F:   (215) 580-2165**

*FAX / MAIL COVER SHEET*

**CASE NO. 03-2822** and **03-2824**          **DISTRICT COURT JUDGE:** TJS

**TODAY'S DATE**: August 17, 2011          **LAW CLERK'S INITIALS**: LFS

**NAME**                                               **FAX NUMBER**

1.    Timothy Kolman, Esq.                             (215) 750-3138
      Wayne A. Ely, Esq.

2.    Daniel S. Coval, Jr., Esq.                       (610) 664-9435

11